FICK vs. MULHOLLAND.

*January 7 — February 3, 1880.*

SPECIAL VERDICT. *Fraud as to creditors. Inconsistent answers.*

Where the issue was, whether a sale of chattels to the plaintiff was fraudulent as to the vendor's creditors, the jury found specially that the vendor conveyed said chattels with certain real estate to plaintiff for a valuable and adequate consideration, expressed in the deed of conveyance, and that plaintiff did not then know that his vendor was indebted to any persons other than those holding mortgages on the premises, which plaintiff assumed to pay; but further found that at the time of the sale plaintiff knew that his vendor was in failing circumstances; that such vendor did not make the sale in good faith, without intent to defraud his creditors; and that plaintiff knew of the vendor's fraudulent intent. *Held*, that the answers are inconsistent, and not sufficient to sustain a judgment against the plaintiff.

APPEAL from the Circuit Court for *Manitowoc* County.

Action by *Fritz Fick* to recover possession of personal property. There was a special verdict, which is stated in the opinion. The court denied plaintiff's motion to set aside the verdict, and rendered judgment thereon in defendant's favor; from which the plaintiff appealed.

For the appellant, there was a brief by *H. G. & W. J. Turner*, and oral argument by *W. J. Turner*.

For the respondent, there was a brief by *Nash & Schmitz*, and oral argument by *Mr. Nash*.

ORTON, J.   The plaintiff in this action claims the owner-
ship of the property in question by a conveyance from one
Christian Fick, and the defendant justifies the taking by cer-
tain attachments and executions in his hands, as sheriff, against
Christian Fick, on the ground of fraud in such conveyance.

The special findings of the jury are clearly inconsistent and
contradictory, if they do not warrant. a general finding for the
plaintiff on this issue.

The findings on this question were: "*First.* Did Christian
Fick convey to the plaintiff, for a valuable consideration ex-
pressed in the deed of conveyance, the property described in
the complaint in this action, on the 14th of December, 1876?
*A.* He did."  " *Second.* If you answer that he did, then was
such consideration adequate to the value of the property?
*A.* It was."  " *Third.* Did the plaintiff know that Christian
Fick was indebted to any persons other than persons holding
mortgages on the premises, which he assumed to pay? *A.* He
did not."  " *Sixth.* At the time of the sale of the property to
him by Christian Fick, did the plaintiff, *Fred. Fick*, know
that Christian Fick was in failing circumstances? *A.* He did."
" *Seventh.* Did Christian Fick make the sale of the brewery
property in suit to the plaintiff, *Fred. Fick*, in good faith,
and without any intent to defraud his creditors? *A.* He did
not."  " *Eighth.* If you answer that he did not, then did *Fred.
Fick*, at the time of said sale to him, know of such fraudulent
intent on the part of Christian Fick? *A.* He did."

The inconsistency and contradiction of these findings are
obvious at a glance.   The jury find that the plaintiff bought
the property for a valuable and adequate consideration, with-
out knowing that Christian Fick was indebted in any sum
whatever to any one except to those whose claims he had as-
sumed as part consideration of the purchase; and yet they
find that Christian made the sale with intent to defraud his
creditors, and that the plaintiff knew it.   Christian Fick, at
the time of the sale, according to the proof, was indebted only

to a very small and inconsiderable amount above the claims assumed by the plaintiff; and the jury find that the plaintiff did not even know that he was indebted at all beyond the claims he had assumed, and that he did know that Christian was in failing circumstances.

The natural presumption, which should be the legal presumption also, from these findings, is, that the plaintiff supposed he was relieving Christian Fick of all of his indebtedness, by assuming the mortgages on his property, and that these mortgages constituted his *failing circumstances*. The plaintiff's knowledge of the fraudulent intent of Christian Fick in making the sale to him, must therefore have reference only to future or subsequent creditors; and there is not a particle of evidence in the case to show that the plaintiff made the purchase with any such reference, or with any such intent. It is elementary, that fraud must be proved by clear and satisfactory evidence.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial therein.